Ohlweiler vs. Lohmann and others.

---

of trial, and by retaining the notice under such admission, the respondent waived the right to proceed under sec. 3766, R. S., cited *Georgia Lumber Co. v. Strong*, 3 How. Pr. 246; *Sherman v. Gregory*, 42 id. 481; *Knickerbacker v. Loucks*, 3 id. 64; *Gorton v. Bailey*, 46 Wis. 633, 635–6.

For the respondent the cause was submitted on the brief of *Nath. Pereles & Sons.*

OHLWEILER, Respondent, vs. LOHMANN and others, Appellants.

*April 13 — May 3, 1892.*

*(1) Special verdict: New trial.   (2) Negligence: Letting vicious horse: Court and jury.*

1. If there is any evidence to support a material finding, it cannot be stricken from the special verdict or a directly opposite one substituted for it. If a finding is against a decided preponderance of the evidence, the remedy is by motion for a new trial.
2. Plaintiff was kicked and injured by a mare hired by him from defendants. In an action for such injuries, based upon alleged negligence of defendants in not warning him of the vicious character of

the animal, the jury found specially that defendants did warn him that the mare was liable to kick when she got her tail over the reins; that she did not get her tail over the reins before she kicked plaintiff; and that she was not accustomed to kick, so as to be dangerous, when driven in single harness, when she did not have her tail over the reins. They found, also, that defendants were in the habit of using a kicking strap with her when she was driven in single harness, but that they did not furnish such strap when they let the mare to plaintiff. *Held,* that the court cannot say, as matter of law, that the failure to furnish a kicking strap was negligence for which defendants are necessarily liable.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff's cause of action is for an injury which he sustained by reason of being kicked by a horse hired to him by the defendants, who were livery stable keepers. The complaint charges that the defendants let upon hire to the plaintiff a certain black mare and express wagon, to which the mare was attached in harness, to drive upon a journey; that the said mare was, and for a long time had been, unsafe and dangerous to drive in harness, of vicious disposition and habits, and accustomed to kick in harness, as the defendants during all that time had notice and well knew, but of which the plaintiff was ignorant; that, notwithstanding, the defendants wrongfully neglected to inform or warn the plaintiff, as in duty bound, of the unsafe, dangerous, or vicious disposition and habit of the mare; that the seat upon the express wagon was in a dangerous position near the front of it, so that when driving the wagon plaintiff's feet and limbs hung over the front end thereof; and, notwithstanding that he drove with due care, the mare, without plaintiff's fault, suddenly and repeatedly kicked the plaintiff in and about and upon his left leg, inflicting great injury, etc.

The defendants answered, admitting their calling as keepers of a livery stable, and the bailment of the mare and express wagon to drive from Milwaukee to the village of

Oak Creek. They denied that the mare had any vicious habit or disposition, if properly managed and driven, except that if the line was allowed negligently and carelessly to get under her tail, and was not carefully and properly removed therefrom, she might be liable to kick; that she never kicked in harness, or showed any bad or dangerous disposition except as aforesaid, and that they fully notified and warned plaintiff of such habit and disposition, and cautioned him not to allow the lines to get under her tail, and that the plaintiff assumed the risk, hiring the mare and express wagon after due notice was given of her disposition in this respect; that the seat was a shifting seat, and could be placed upon any part of the box of the wagon, but the plaintiff improperly allowed his feet and legs to hang over the front of the box, and next and near the hind legs of the mare, so that if the said mare should kick he would be injured; that he negligently and carelessly drove the mare, and allowed the lines to get under her tail, which caused her to kick, whereby he was struck upon his leg, but any injury which was received by him was occasioned solely by his negligence, carelessness, and improper conduct.

Upon trial before a jury, a special verdict was returned: "(1) Was the mare let by defendants to the plaintiff accustomed to kick so as to be dangerous when driven in single harness, when she *did not* have the lines under her tail? *Answer.* No. (2) If you answer the first interrogatory in the affirmative, were the defendants aware that said mare was so accustomed to kick so as to be dangerous when driven in single harness? *A.* No. (3) If you answer the first and second interrogatories in the affirmative, did the defendants, or either of them, inform the plaintiff, when said mare was let to him, that said mare was so accustomed to kick when driven in single harness? *A.* No." The verdict further found that the mare did kick and injure the plaintiff as alleged in the complaint; that the plaintiff was

not guilty of any want of ordinary care in driving the mare which caused or contributed to his injury; that the plaintiff, when the mare was let to him, was warned that she was accustomed to get the lines under her tail, and in which case she was liable to kick; that she did not get her tail over the reins, or either of them, before she kicked and injured the plaintiff; that the defendants were in the habit of using a kicking strap with her when she was driven in single harness, before they let her to the plaintiff, but that they did not furnish such strap when they let the mare to the plaintiff; that if it had been furnished the plaintiff's injuries would have been prevented; that the plaintiff was not guilty of any negligence which caused or contributed to the injury in the matter of the location of the seat upon the wagon upon which he was riding; that the defendants were not guilty of negligence in that respect; and the damages were found to be $1,000, in case the plaintiff should be entitled to recover.

The defendants moved for judgment upon the special verdict in their favor, and, in the event that their motion should be denied, that a new trial be granted. The plaintiff moved that the court set aside the answer of the jury to the first interrogatory, as contrary to the facts upon the undisputed evidence, and that the court thereupon find in the affirmative in answer to said interrogatory, and that, upon the special verdict as so corrected, judgment be given for the plaintiff; or, if the court refused to correct the verdict, then that the plaintiff have judgment in his favor upon the verdict as entered and recorded; or, if denied in both instances, then that the entire verdict be set aside and a new trial granted. The court, upon the hearing of these motions, ordered that the answer of the jury to the first interrogatory be set aside, and found as a fact that the answer to said interrogatory should be, and the same was thereby answered, in the affirmative; and thereupon rendered judg-

ment on the verdict as so modified and corrected, against the defendants, for the damages found, with costs, and denied the defendants' motion for judgment or for a new trial. From the judgment entered in favor of the plaintiff the defendants appeal.

For the appellants there was a brief by *Rogers & Mann*, attorneys, and *Turner & Timlin*, of counsel, and oral argument by *W. J. Turner*.

For the respondent there was a brief by *Jared Thompson, Jr.*, attorney, and *M. C. Krause*, of counsel, and oral argument by *Mr. Thompson*. They contended, *inter alia*, that the letter of a horse for hire is liable for all injuries resulting from the vicious or dangerous conduct or habits of the animal of which he had notice, or for injuries by the animal which are attributable to his neglect, express or implied. He warrants the horse against dangerousness, vices, habits, or proneness to conduct of which he ought to be aware, irrespective of actual knowledge. Shearm. & Redf. Neg. (3d ed.), secs. 197, 593; Story, Bailm. secs, 275, 383, 390, 391*a;* Edwards, Bailm. secs. 373–4; *Campbell v. Page*, 67 Barb. 113; *Hadley v. Cross*, 34 Vt. 586, 80 Am. Dec. 699; *Horne v. Meakin*, 115 Mass. 326; *Blakemore v. B. & E. R. Co.* 8 Ellis & B. 1035, 1038 (5), 1050–54; *Francis v. Cockrell*, L. R. 5 Q. B. 501, 503, 507–9; *Moulton & R. v. Phillips & S.* 10 R. I. 218, 14 Am. Rep. 663; *Ingalls v. Bills*, 9 Met. 1, 7, 10, 12, 15; *Geddes v. M. R. Co.* 103 Mass. 391, 395; *Dearth v. Baker*, 22 Wis. 73; *Reynolds v. Hussey*, 64 N. H. 64; *Kennon v. Gilmer*, 131 U. S. 22, 25.

PINNEY, J. 1. A careful examination of the testimony on the question whether the mare let to the plaintiff by the defendants was accustomed to kick so as to be dangerous when driven in single harness when she did not have the lines under her tail, and answered by the jury in the negative, discloses such a conflict of evidence as required

Ohlweiler vs. Lohmann and others.

that question to be submitted, as it was, to the jury. The action of the court below in amending the verdict by striking out such negative answer and substituting for it an affirmative one, cannot be said to be in accordance with the uncontradicted evidence on that point. For this reason it was error to amend the verdict by substituting the affirmative answer for the negative one of the jury. There was evidence to support the finding of the jury thus rejected by the court, and the finding was a most material one. If there is any evidence to support a material finding, it cannot be stricken from the special verdict or a directly opposite one substituted for it. *Dahl v. Milwaukee City R. Co.* 65 Wis. 371. If a finding in a special verdict is against a decided preponderance of the evidence, the remedy is by motion for a new trial. For this reason the judgment of the circuit court must be reversed; and when judgment of reversal is rendered on the ground of an erroneous amendment to a special verdict in a material respect, it is the practice of the court to award a new trial, as the circuit court ought to have done instead of amending the verdict. *Annas v. M. & N. R. Co.* 67 Wis. 60, 61. The motion of the defendants for judgment in their favor was therefore properly overruled. The action of the circuit court shows that it was of the opinion that the finding in question ought not to stand, but the court did not adopt the proper remedy.

The first question was answered by the jury in the negative, and to the effect that the mare was not accustomed to kick so as to be dangerous when driven in a single harness, when she *did not* have the lines under her tail. The second question was to be answered only in case the first question was answered in the affirmative, but the jury answered it, notwithstanding, in the negative, and to the effect that the defendants *were not aware that the mare was accustomed to kick* under the conditions mentioned in the first question, so as to be dangerous when driven in single

harness. The third question was to be answered only in case the first and second were *both* answered in the affirmative, but the jury irregularly answered it, notwithstanding, in the negative, as they had the second, and to the effect that the defendants did not inform the plaintiff, when the mare was let to him, that she was accustomed to kick under the conditions stated in the first question, as it was proper they should do if they made any finding thereto at all, having already found that *the. defendants had no knowledge* that she was so accustomed to kick. The jury found, in substance, in answer to the fifth and sixth questions, that the plaintiff was warned, when the mare was let to him, that she was accustomed to get the reins under her tail, and that she was liable to kick when that occurred, and that she did not get her tail over the reins before she kicked and injured the plaintiff. It will be seen, therefore, that the case was made to turn in the circuit court entirely upon the answer to the first question substituted by the court for the one given by the jury. To sustain such a substitution or amendment, where the evidence is conflicting, is a direct invasion of the right of trial by jury secured by the constitution.

2. The action was founded in tort, and not on any contract relation. The gist of the action was the negligence of the defendants. The verdict before amendment did not entitle the plaintiff to judgment upon the cause of action set out in the complaint. The specific negligence alleged is that, knowing the vicious disposition and unsafe and dangerous habit of the mare to kick when driven in harness, the defendants wrongfully neglected to inform or warn or caution the plaintiff of the fact or that she was unsafe or dangerous to drive or use in harness. The verdict did not, as returned, establish the fault or vicious character of the animal in the general terms alleged. It found that the mare was not accustomed to kick so as to be dan-

gerous when driven in single harness, when she *did not* have the lines under her tail, which was the condition of affairs when she kicked the plaintiff. As against what she was liable to do when she got the lines under her tail, the plaintiff had been cautioned by defendants, and it was found that the defendants were not aware that the mare was accustomed to kick so as to be dangerous when driven in single harness, in the circumstances under which she injured the plaintiff, namely, when she *did not* have the lines under her tail. They had therefore no occasion to give a broader caution than they did. The fact that the defendants are found to have been in the habit of using a kicking strap with the mare when she was driven in single harness before they let her to the plaintiff, and that they did not furnish the plaintiff with such strap, cannot be considered as equivalent to a finding that the mare was accustomed to or had the habit of kicking when she *did not* have the lines under her tail, for, if it did, the verdict would have to be held fatally defective, as being contradictory. The use of the kicking strap, under this finding, must be regarded as a precaution against the vicious habit which the jury found she had, not as against one she had not; and, under the warning given the plaintiff, the court cannot say, as a matter of law, that the failure to furnish a kicking strap was negligence on the part of the defendants for which they are necessarily liable. We hold, therefore, that the plaintiff was not entitled to judgment upon the verdict as it was returned.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.