Ohlweiler vs. Lohmann and others.

OHLWEILER, Respondent, vs. LOHMANN and others, Appellants.

*May 3 — May 25, 1894.*

(1) *Special verdict: Character of questions.*  (2, 3) *Negligence: Livery-stable keeper: Letting vicious horse: Burden of proof: Instructions to jury.*

1. Questions submitted for a special verdict should be limited to the material issuable facts, as distinguished from mere evidence.
2. In an action for personal injuries caused by negligence, it was error to charge the jury that, as there were but two versions of the facts respecting defendants' negligence,— the burden of proof as to his version being on the plaintiff, and as to their version being on the defendants,— it was immaterial, or very nearly immaterial, how the burden of proof lay.
3. In an action for personal injuries caused by a vicious horse hired from defendants, it was error to charge that unless defendants were clearly satisfied that the horse was safe without a kicking strap, or if there was reason to doubt its safety without such strap, it was negligence to let it without one.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges, in effect, that the defendants were copartners engaged in the livery business at Milwaukee; that October 10, 1889, the plaintiff hired and received from

Ohlweiler vs. Lohmann and others.

the defendants, as such copartners, a certain black mare and express wagon, to drive upon a short journey; that without the knowledge of the plaintiff the mare had for a long time been unsafe and dangerous to drive in harness, and of vicious disposition and habit, and accustomed to kick in the harness, as the defendants well knew; that the defendants wrongfully neglected to inform or warn the plaintiff of such vicious disposition and habit, or otherwise; that without any fault of the plaintiff, and while seated upon a stationary seat upon the front of the wagon, and while on such journey, the mare suddenly and repeatedly kicked with both hind feet, and injured the plaintiff; and for the damage caused thereby he brought this action. The answer is by way of admissions, denials, and allegations to the effect that the defendants informed the plaintiff that, by letting the line negligently and carelessly get under her tail, the mare might kick in the harness, if not properly attended to and managed, and duly notified and warned him as to such habit and disposition.

At the close of the trial the jury returned a special verdict to the effect: (1) That the defendant *Blank*, when he let the mare to the plaintiff, informed him that she was a kind of a switcher, and wanted to catch the lines, but did not kick when she caught the lines, as he knew of; that she never had kicked with them; and that that was all the warning he gave at that time. (3) That the mare, at the time, was accustomed to kick so as to be dangerous, when driven in a single harness, when she did not have the lines under her tail. (4) That the defendants were aware that the mare was accustomed to kick so as to be dangerous, when driven in single harness, when the lines did not get under her tail. (5) That the mare kicked and injured the plaintiff as alleged in the complaint. (7) That the mare did not get her tail over the lines or one of them before she kicked and injured the plaintiff. (8) That the defendants were in the habit of using a kicking strap with the

Ohlweiler vs. Lohmann and others.

mare when she was driven in single harness, before they let her to the plaintiff. (9) That knowing what the defendants knew of the mare, her history, and habits, it was negligence on the part of the defendants to let her, to be driven in single harness, to the plaintiff without a kicking strap. (13) That the defendants had sufficient knowledge of the history, disposition, and conduct of the mare to warn them that it was not safe to let her to a customer, to be driven in single harness, without a kicking strap. (15) That, in the matter of the location of the seat, the defendants were guilty of negligence in leaving the same where it was located, which contributed to the plaintiff's injury, knowing what they knew of the habits and disposition of said mare, without providing a kicking strap for the protection of the person occupying such seat. (6) That the plaintiff was not guilty of any want of ordinary care in driving the mare, which caused or contributed to his injury. (11) That the plaintiff was not guilty of any negligence in the matter of employing competent medical or surgical assistance in endeavoring to be cured of his injury, which increased, aggravated, and prolonged his sufferings. (14) That, in the matter of the location of the seat upon the wagon, the plaintiff was not guilty of any negligence which contributed to his injury, knowing what he knew, and having been told what was in fact told him. (10) That the plaintiff's damages by reason of the injury, without reference to the skill, experience, or conduct of the physicians employed by him, were $2,000. (16) That they found for the plaintiff.

From the judgment entered upon said verdict on motion of the plaintiff, and in his favor and against the defendants, according to said verdict, the defendants appeal.

For the appellants there was a brief signed by *W. J. Turner*, of counsel, and *Rogers & Mann*, attorneys, and oral argument by *Mr. Turner*.

*M. C. Krause* and *Jared Thompson, Jr.*, for the respondent.

Ohlweiler vs. Lohmann and others.

CASSODAY, J.   It is conceded that the mare was hired of the defendants by the plaintiff to drive, and that while he was driving her she kicked and badly injured him.   A recovery of damages is sought on the ground that at the time of letting the mare the defendants negligently failed to fully and truly inform the plaintiff as to her known vicious habits.   The simple issue thus presented was complicated to a considerable extent by submitting to the jury ten several questions respecting the same.   Five of these relate to the habits of the mare when being driven with the lines, or one of them, under her tail.   Four of them relate to her habits when driven without a kicking strap, and whether the defendants were negligent in allowing her to be so driven.   Two of them relate to the negligence of the respective parties in regard to the location of the seat. These were all matters of evidence proper to be considered in the determination of the case.   But such verdict was never designed to submit to the jury undisputed questions of fact, nor to elicit from them a mere abstract of the evidence.   *Montreal River L. Co. v. Mihills*, 80 Wis. 551.   The statute requires that such questions shall relate "only to material issues of fact." Sec. 2858, R. S. This would seem to limit such questions to such facts as are controverted and put in issue by the pleadings, or, at most, to such as might properly have been put in issue by the pleadings, i. e. issuable facts in contradistinction to mere evidence.   These views are in accord with the repeated decisions of this court.   *Heddles v. C. & N. W. R. Co.* 74 Wis. 258.   Some portions of the special verdict are repugnant to the rules mentioned.   So the questions which the defendants requested to have submitted were, to some extent, objectionable.   Nothing here said is intended to restrict the proper exercise of the discretionary power of the trial court in the formation of such verdicts, but only to indicate the propriety of simplifying such issues, and

thus avoiding errors which in a close case may become material, and hence ground for reversal. *Ibid.*

The jury were not required to answer the second question submitted unless they answered the first question in the negative, but they answered the first question in the affirmative, and such answer is given in the foregoing statement. The two questions are, to some extent, counterparts of each other.[1] They submitted to the jury the claims of the respective parties as to the information given to the plaintiff by the defendants as to the habits of the mare at the time of the letting. The court, in charging the jury, considered the two questions together, and in effect told the jury that the burden of proof was upon the plaintiff as to the first question, and upon the defendants as to the second, and then, among other things, said: "But, inasmuch as there are but two versions of the facts here,— the burden of proof being upon the plaintiff as to one, and upon the defendants as to the other,— it is immaterial, or very nearly immaterial, how the burden of proof lies." This is all there was said in the charge about the burden of proof, except that the jury were directed to answer the third question submitted "according to the weight of the evidence," and yet there were seven other questions submitted to the jury respecting the alleged negligence of the defendants. The real question for determination was whether

[1] The first and second questions submitted to the jury were as follows: *First.* Did the defendant *Blank*, when he let the mare mentioned in the complaint in this action to the plaintiff, inform him that she was kind of a switcher, and that she wanted to catch the lines, and that she did not kick when she caught the lines, as he knew of,— that she never had kicked with the defendants,— and was that all the warning he gave at that time? *Second.* Or, if you answer the first interrogatory in the negative, did the defendant *Blank* tell the plaintiff at that time, in substance, to be careful, and that if the mare got the lines under her tail she might kick, as he had been told, and that, if she did get the lines under her tail, not to pull upon the lines, and then she might not kick?" — REP.

the defendants were negligent, as indicated, in the letting of the mare; and in a case like this the burden of proving that they were so negligent is upon the plaintiff, and does not shift to the defendant during the trial. *Atkinson v. Goodrich Transp. Co.* 69 Wis. 5. On the contrary, the burden of proving contributory negligence, when not disclosed by the testimony on the part of the plaintiff, is upon the defendant. *Hoye v. C. & N. W. R. Co.* 67 Wis. 15. These broad distinctions should not be lost sight of in the charge or the verdict; and yet in the charge and the verdict in the case at bar the subject of negligence and contributory negligence are commingled together, and repeatedly made to alternate with each other, thus making the error in the charge as to the burden of proof more effectual.

The court charged the jury, upon the ninth question submitted, to the effect that, unless the jury found that the defendants were clearly satisfied that the mare was safe without a kicking strap, they were negligent in letting her to be driven in a single harness without one; that, if they found that there was still reason to doubt her safety without a kicking strap, then they ought to find that it was negligent to let her without one. This was, in effect, saying, as a matter of law, upon the facts stated, that the failure to furnish a kicking strap was negligence for which the defendants were necessarily liable. This, as we think, was a clear encroachment upon the province of the jury, as indicated when the case was here upon the former appeal. 82 Wis. 198; *Kaples v. Orth,* 61 Wis. 533.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.