The facts are as follows:
The plaintiff seeks to recover $150, damage to a theatre drop curtain, while in transit over defendant's railroad.
It was in evidence that the said curtain was shipped from Columbia, South Carolina, to Henderson, North Carolina. The agent at Columbia, South Carolina, gave to one Cramer, the artist who painted the curtain and the agent of the plaintiff, a bill of lading, agreeing to convey the curtain to Henderson, over the Charlotte, Columbia Augusta Railroad, and by connecting lines to Henderson. It was in evidence that the box containing the curtain was delivered in good order by the Charlotte, Columbia 
Augusta Railroad to the Carolina Central Railroad, at Charlotte, North Carolina, and by the Carolina Central Railroad to the Raleigh Augusta Railroad at Hamlet, and thence it was conveyed by said Raleigh and Augusta Railroad to Raleigh, and then by the defendant Railroad to Henderson, North Carolina, and delivered to plaintiff's intestate, in a damaged condition, being damaged by water. There was also some evidence tending to show that the last mentioned two Railroads are one continuous line; also evidence tending to show that the several Railroads over which the box passed, were separate and independent, but connecting with each other. *Page 390 
M. J. Robards, the agent at Henderson for the defendant, testified, that he collected freight for the entire line, and that it was proportioned between the different roads, $2.30 in all, and 95 cents for the defendant road.
It was further in evidence, that the box in which the curtain was, was marked "keep dry" in several places, and that defendant (435) Railroad shipped the same on a flat car, and, was protected only by a tarpaulin. There was evidence tending to show that the tarpaulin was sufficient to protect the box from the weather; that there was no rain during the period of the passage from Hamlet to Henderson; that the time was only two days from Hamlet to Henderson; that the box was too long to be placed in a box car, and that proper care was taken of it during the transit from Hamlet to Henderson, and while in Raleigh that the car did not stop near a water tank while filling the boiler. There was other evidence of due care on the part of the defendant.
It was further in evidence, that the said flat car on its arrival in Raleigh, was run into the yard of the defendant Company, with said box on it, and with the tarpaulin over it, and remained there all night.
It was further in evidence, that the said drop curtain was on the road ten days between Columbia and Henderson; that the manifest given to the conductor of defendant road, and the Raleigh Augusta road, did not state the condition of the box when received at Raleigh or at Hamlet, and the agent at Henderson testified, that had it been in bad order when received at Raleigh, the manifest would have so stated. The plaintiff objected to all evidence tending to show that the said drop curtain was not damaged during the period of its passage over defendant's road or the Raleigh 
Augusta road.
The following issues were submitted to the jury by consent of the parties:
1st. Was the said drop curtain damaged while in the custody of the defendant?
2nd. If damaged while in the custody of defendant, was it by reason of the negligence of the defendant?
3rd. What damage has the plaintiff sustained?
The only instructions asked by plaintiff were as follows:
1. That proof that it did not rain on the goods while in transit from Raleigh to Henderson, does not rebut the presumption that they were injured while in the custody of the defendant, the delivering company.
(454) 2. That a stipulation by a Railroad Company against liability for damage caused by its negligence, is void, and it is *Page 391 
liable notwithstanding, if the damage was caused by reason of want of due care on its part.
The Court gave these instructions, and with the qualification of the first as follows: "but it may be considered by the jury, as evidence, in connection with all of the circumstances deposed to by the witnesses, as tending to show that they were not injured while in the custody of the defendant."
The Court, on the issue as to negligence, among other things, charged the jury, that if the box was too long to be placed in a box car, and it was placed on a flat car with a tarpaulin spread over it so as to fully protect it from rain or dampness, and that if it was in the custody of the defendant, or the R. A. Railroad, (if such latter road was operated as a continuous line, by and under the control of the defendant), for only two or three days, and that during the whole time it was in such custody it was protected in the manner described, and that they allowed no water to be thrown upon it, and did not stop the car so near the water tanks on the road, that water could be thrown upon it, that they would be warranted in finding that the presumption of negligence would be rebutted.
To this part of the charge the plaintiff excepted, and also the failure to give the first instructions without qualifications.
The jury found the first two issues in the negative, and to the third issue they responded "nothing."
The plaintiff moved for a new trial, because of the charge as excepted to, and also because the Court failed to charge the jury, that if the goods were received in apparently good order at Columbia, that defendant was estopped to say that they were not injured while on its line, whereas the Court charged that it made out a prima facie case against the defendant, and because the Court failed to charge, that if the jury believed that the manifest showed that defendant receipted for it in good order at Raleigh, that defendant was estopped to deny that it was damaged before it reached Henderson; also because the Court (455) admitted the testimony tending to show that the curtain was not damaged on defendant's road, the same being objected to by plaintiff at time it was offered.
There was judgment for the defendant, and the plaintiff appealed to this Court.
The defendant was not bound to transport the box containing the goods alleged to have been *Page 392 
damaged, in a box car. It was, however, bound to keep the box dry, free from exposure and injury, while the same was in its care and custody. The Court, in effect, so instructed the jury. The plain import of that part of the instructions excepted to, was, that if the jury believed from the evidence, that the defendant, under the circumstances, in the way, and by the means pointed out, of which there was evidence, kept the goods dry and free from damage while the box containing the same was in its care and custody, then any presumption of negligence was rebutted.
The counsel contended on the argument, that the instruction was not broad enough — that the injury might have been done otherwise than by water, and the jury might have so found, under proper instructions. This objection is not tenable, because it was not alleged or suggested that the goods were injured otherwise than by wetting them. The Court was not called upon to present the case to the jury, in an aspect not presented by the pleadings or the evidence.
It seems too us too plain to admit of serious question, that the defendant had the right to offer any competent evidence on the trial, going to show that the property in question was not damaged while on its line of road, and in its care and custody. The receipt and manifest were evidence going to prove a prima facie case of liability (456) against it, but they were not conclusive. It was competent to disprove the case so made.
The evidence that it did not rain on the box while in transit over the defendant's line of road, obviously tended to prove that it did not get wet while in its custody, and the Court properly instructed the jury that they might consider that fact, in connection with the other evidence, and this was not an improper modification of the first special instruction asked for by the defendant. Dixon v. Railroad Company, 74 N.C. 538. Williams v.Railroad Company, 93 N.C. 42.
So the judgment must be affirmed.
No error. Affirmed.
Cited: Knott v. R. R., 98 N.C. 80; Meredith v. R. R., 137 N.C. 487. *Page 393