SUSONG *v.* FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY.

The evidence authorized the verdict. The requests to charge which were refused were, so far as legal and pertinent, covered by the general charge, which fairly submitted to the jury the issues involved in the case ; and the charges excepted to were substantially correct. The judgment of the trial judge, refusing to grant a second new trial, will not be disturbed.

Submitted March 1, — Decided April 28, 1902.

Action for damages.    Before Judge Norwood.    City court of Savannah.    August 22, 1901.

*Alexander & Hitch*, for plaintiff.
*Denmark, Adams & Freeman*, for defendant.

COBB, J.    Susong sued the Florida Central and Peninsular Railroad Company for damages alleged to have been sustained by the failure of the defendant to safely transport and deliver certain live stock which it had contracted to deliver to the plaintiff.    The trial resulted in a verdict in favor of the defendant, and the case is here upon a bill of exceptions sued out by the plaintiff, complaining that the court refused to grant him a new trial.    While the evidence was conflicting in some particulars, the jury could have found therefrom the following state of facts :    The plaintiff delivered to the Southern Railway Company, at Newport, Tennessee, a car-load of horses, in which were a certain red bay horse about six or seven years of age and a certain chestnut mare about five years of age, to be transported by the Southern Railway Company and its connecting carriers to Savannah, Georgia.    The car was unloaded and reloaded at different points between Newport, Tennessee, and Columbia, S. C.    At the latter point the car was unloaded and reloaded, and the seals of the Southern Railway Company placed upon the doors of the car, and in this condition it was delivered to the defendant.    The defendant did not receipt for the car "as in good order," but received the same without exception.    The car was transported to Savannah in exactly the same condition in which it was received from the Southern Railway Company at Columbia, and the horses which were thus received from the Southern Railway Company were delivered to the plaintiff at Savannah in exactly the same condition in which they were received.    The red bay horse above referred to, which had been placed in the car at Newport, Tennessee, was not in the car when it was received in Savannah, and the chestnut mare when received at Savannah was in a damaged condition.    The shipment was made under a special contract entered into in consideration of a reduced rate of freight, wherein it was agreed that the "owner and shipper is to load, transfer, and unload said stock, with the assistance of the company's agent or agents, at his own risk," and "that the owner and shipper, or his agent or agents in charge of stock, shall ride upon the

freight-train on which the stock is transported," and the owner or shipper releases the carrier "from all injury, loss and damage, or depreciation which the animal or animals, or either of them, may suffer in consequence of either of them being weak, or escaping, or injuring itself or themselves, or each other, . . and from all other damages incidental to railroad transportation, which shall not have been caused by the fraud or gross negligence of said railroad companies." Neither the plaintiff, who was the owner, nor any one representing him accompanied the stock upon the freight-train upon which they were carried. The jury being authorized under the evidence to find that the facts were as above stated, were these facts sufficient to justify a finding in favor of the defendant? It seems to us that the verdict in favor of the defendant can be justified under the evidence upon either one of two theories: first, that the loss of the animal which was not delivered at all, and the injury to the animal which was delivered in a damaged condition, both occurred before the car containing the horses which were delivered to the plaintiff was received by the defendant company; and, second, that the loss of the one animal and the injury to the other would probably not have occurred if the plaintiff had, in compliance with his contract, either accompanied the stock or had some one as his representative to accompany the same on the train upon which his stock were transported.

The code provides that when there are several connecting railroads under different companies, and the goods are intended to be transported over more than one, each company is responsible only to its own terminus before delivery to the connecting railroad, and that "the last company which received the goods as 'in good order' shall be responsible to the consignee for any damage, open or concealed, done to the goods, and such companies shall settle among themselves the question of ultimate liability." Civil Code, § 2298. If a railroad company receives from another railroad company goods to be transported and receipts for them "as in good order," the company so receiving and receipting is, under the terms of this section, concluded by the receipt from setting up, as against the consignee, that the goods were in fact not in good order when received. If such company receives the goods without receipting for the same "as in good order," there is still a presumption that the goods were so received; but this presumption may be rebutted by

showing that no receipt was given and that the goods were in fact not in good order when received. The company may in such a case show, when sued by the consignee, either that the goods were delivered to him in exactly the condition in which they were received from the other railroad company, and that their damaged condition was not due to any act on the part of the defendant or its agents, or that they had become damaged after shipment, without fault on the part of any of the carriers. See *Forrester* v. *Railroad Co.*, 92 *Ga.* 699; *W. & A. Rd. Co.* v. *Cotton Mills,* 81 *Ga.* 523 (2). The defendant company having received the car-load of horses from the Southern Railway Company at Columbia without exception, there was a presumption that they were received as in good order, and so long as this presumption prevailed the onus was upon the defendant to account for the horse which was missing when the car arrived at Savannah, and to explain the injuries to the horse which was then in a damaged condition. There was evidence from which the jury could find that this presumption was rebutted, that the missing horse was not in the car when it was delivered to the defendant company at Columbia, and that the damaged horse was in that condition when it was received by the defendant at that point. Such being the case, a finding in favor of the defendant was authorized. The special contract which was entered into between the plaintiff and the Southern Railway Company in behalf of itself and its connecting carriers was, so far as the stipulations above referred to are concerned, a valid and binding contract. *Boaz* v. *Rd. Co.*, 87 *Ga.* 463; *New England Steamship Co.* v. *Paige*, 108 *Ga.* 296; *Cooper* v. *Rd. Co.*, 110 *Ga.* 659, and cases cited. There was evidence from which the jury could find that if the plaintiff had accompanied the stock upon the train upon which it was transported, or had had upon that train some one representing him in charge of the stock, the plaintiff or such representative would have been able to prevent the loss of the horse which was missing and the substitution of another horse of inferior quality, which seems to have been done. The presence of the plaintiff, or some one representing him, at the place where the car was unloaded and reloaded would have undoubtedly prevented the commission of the fraud which appears to have been perpetrated upon the plaintiff in this case, by taking from among the horses a valuable horse and substituting another of comparatively little value in its place. It is just such risks as this

that the contract is intended to cover, and the plaintiff's loss in the present case can be directly accounted for by his failure to be present when the car was unloaded and reloaded along the route, or a failure to have some one representing him to see that all the horses which were delivered at Newport, Tennessee, were each time placed in the car. There was also evidence from which the jury could find that the injury to the horse which was damaged resulted from the incidents of transportation, which were stipulated against in the special contract entered into by the plaintiff.

The verdict for the defendant being amply supported, the judgment refusing a new trial will not be interfered with, unless there was some error of law requiring a reversal of such judgment. Complaint is made that the court erred in refusing to give certain requests which are set out in certain grounds of the motion for a new trial, and error is assigned upon different portions of the charge. A careful examination of the charge which is contained in the record discloses, we think, that the case was fairly submitted to the jury; and if there were any errors at all in the charge, they were not of such a character as to require the granting of a new trial. The requests which were refused were, so far as they were legal and pertinent, substantially covered by the charge. It was argued that because the agent of the Southern Railway Company at Newport, Tennessee, delivered to the plaintiff, at the time the contract was signed, a pass to go upon a train other than the freight-train upon which the stock were transported, this was a waiver on the part of the railroad company of that stipulation in the contract which provided that the plaintiff, or some one representing him, should accompany the stock upon the freight-train. Even if the agent had the right to make any such waiver, the delivery of the pass would not have this effect, though accompanied by an express oral understanding at the time that plaintiff need not go upon the freight-train, for the simple reason that all antecedent or contemporaneous oral agreements between the parties would be merged in the writing; and, in addition to this, there is nothing inconsistent in the agreement alleged to have been made by the agent with the plaintiff and his undertaking to either accompany the stock himself or have some one else do so as his representative. Even if the plaintiff was himself relieved from accompanying the stock, he was still under obligation to have some one else representing him do

so. It was further argued that, upon proof of loss of one animal and of damage to another, a presumption arose against the defendant that it was negligent. This is true, but this presumption is subject to be rebutted, and there was evidence from which the jury were fully authorized to find that it was rebutted in the present case. There was no error requiring the granting of a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*