Stolze, Respondent, vs. Ann Arbor Railroad Company, Appellant.

*January 11—January 30, 1912.*

*Carriers of freight: Connecting carriers: Damage to goods: Liability: Presumptions: Goods shipped in bond: Evidence: Burden of proof.*

1. Where goods are shipped by several connecting carriers, and the proof shows they were delivered to the first carrier in good condition but were damaged when received by the consignee, a presumption obtains that they reached the last carrier in good condition.
2. Such presumption is not conclusive, however, and casts no absolute liability upon the last carrier, but merely imposes upon it the burden of proving the contrary.
3. The presumption of liability in such cases does not rest upon the fact of opportunity to inspect the goods when received, but upon the necessities of the situation; hence the carrier is not relieved because the goods were shipped in bond under the customs seals of the United States government.
4. The presumption which is applicable to the last of several connecting carriers is equally applicable to any intermediate carrier who is shown to have delivered the goods to a succeeding carrier in a damaged condition.

5. Where the last of several connecting carriers merely switched the goods, packed in cases, over its road a distance of about one mile on a clear day, and the next preceding carrier transported them by both land and water and had them in its possession for six days, and the goods when delivered to the consignee were wet and mildewed, a *prima facie* case of liability was established against such next preceding carrier.

APPEAL from a judgment of the circuit court for Manitowoc county: E. B. BELDEN, Judge. *Affirmed*.

Plaintiff, a manufacturer of Christmas tree ornaments in Manitowoc, had shipped to him from Lauscha, Germany, a number of cases of such ornaments. They reached Manitowoc *via* the defendant's road, on car ferries operated by it across Lake Michigan from Frankfort, Michigan, to Manitowoc, Wisconsin. There the car containing the cases was turned over to the Chicago & Northwestern road and at once switched to plaintiff's warehouse in the city of Manitowoc, a distance of about one mile, where plaintiff removed the cases from the car the same day. He found a number of the cases wet and contents damaged by water and mildew. It did not rain in Manitowoc the day the goods were received. They were dutiable and shipped in bond from Philadelphia to Manitowoc. Plaintiff proved the cases were dry and shipped in good condition from Lauscha, and that they were in defendant's possession at least six days. Defendant offered no evidence. The amount of damages was stipulated and the jury returned a verdict for plaintiff. From a judgment entered thereon defendant appealed.

For the appellant there was a brief by *Nash & Nash,* and oral argument by *E. G. Nash*. They cited, among other authorities, *Atlantic C. L. R. Co., v. Riverside Mills,* 219 U. S. 186, 31 Sup. Ct. 164; *Central of Ga. R. Co. v. Chicago V. Co.* 169 Ala. 287, 53 South. 832; *Mo. Pac. R. Co. v. Wichita W. G. Co.* 55 Kan. 525, 40 Pac. 899; *Ill. Cent. R. Co. v. Foulks,* 191 Ill. 57, 60 N. E. 890; *Joseph v. Georgia R. & B. Co.* 88 Ga. 426, 14 S. E. 591; *Swetland v. B. & A. R. Co.*

102 Mass. 276; *Railroad Co. v. Brewing Co.* 96 Tenn. 677, 36 S. W. 392; *Leo v. St. P., M. & M. R. Co.* 30 Minn. 438, 15 N. W. 872.

*Isaac Craite,* for the respondent, cited *Laughlin v. C. & N. W. R. Co.* 28 Wis. 204; *Lamb v. C., M. & St. P. R. Co.* 101 Wis. 138, 76 N. W. 1123; *Densmore C. Co. v. D., S. S. & A. R. Co.* 101 Wis. 563, 77 N. W. 904; and other cases.

VINJE, J.   The defendant seeks to escape liability on two grounds: first, because it was not the last carrier; and second, even if it were, since the goods were shipped in bond it had no opportunity to inspect, and therefore the presumption that they were received by it in good order should not attach.   In the case of *Laughlin v. C. & N. W. R. Co.* 28 Wis. 204, this court held that where several connecting carriers transport goods, and the proof shows they were delivered to the first carrier in good condition, but damaged when received by the consignee, a presumption obtains that they reached the last carrier in good condition, and it will be held liable unless it can show that the damage did not occur while the goods were in its possession.   This presumption the law invokes from the necessity of the situation, for when plaintiff has shown the goods were shipped in good condition he has made proof of all facts usually within his power to prove, and has proven facts from which a legitimate inference springs that the defendant received them in the same condition, and the burden shifts upon it to rebut such inference by proof to the contrary. *Lamb v. C., M. & St. P. R. Co.* 101 Wis. 138, 76 N. W. 1123. The probative force of the inference that the last carrier received them in the same condition they were in when shipped may not always, or often, be great, and it is perhaps better to rest the rule upon a policy of necessity, as stated in the *Laughlin Case,* than upon the strict legitimacy or value of the inference.   But the presumption obtains and prevails unless overcome by evidence to the contrary, or unless the facts and

circumstances of the particular case conclusively show that it cannot attach. The rule is promotive of justice, and has been adhered to by this court so long that the question of departing from it cannot be considered. It is, moreover, the general rule in this country. *Moore v. N. Y., N. H. & H. R. Co.* 173 Mass. 335, 53 N. E. 816, and cases cited; Van Zile, Bailm. & Carr. (2d ed.) § 536. It is not, however, a conclusive presumption and it casts no absolute liability upon the last carrier, but simply imposes upon it the burden of exonerating itself in order to escape liability. *Lamb v. C., M. & St. P. R. Co.* 101 Wis. 138, 76 N. W. 1123; *Moore v. N. Y., N. H. & H. R. Co., supra; Beede v. Wis. Cent. R. Co.* 90 Minn. 36, 95 N. W. 454; *Susong v. F. C. & P. R. Co.* 115 Ga. 361, 41 S. E. 566; *St. Louis, I. M. & S. R. Co. v. Coolidge,* 73 Ark. 112, 83 S. W. 333; *Gulf, C. & S. F. R. Co. v. Edloff,* 89 Tex. 454, 34 S. W. 414, 35 S. W. 144; *Burwell v. R. & G. R. Co.* 94 N. C. 451; *Morganton Mfg. Co. v. O. R. & C. R. Co.* 121 N. C. 514, 28 S. E. 474; 3 Hutchinson, Carr. (3d ed.) sec. 1348, and cases cited.

In view of the rebuttable nature of the presumption that the damage has been occasioned by the last carrier, it becomes unnecessary to decide whether the defendant or the Chicago & Northwestern Railway Company was such. Conceding that the latter was the last carrier, the admitted facts conclusively establish that the damage to the goods did not occur while in its possession. The contents of the boxes could not have become wet and mildewed while the car containing them was being switched a mile on a day of no rain. This is so self-evident that the mere statement of the proposition is the best argument in support thereof. It is an admitted fact, however, that the defendant was the next preceding carrier to the Chicago & Northwestern Railway Company, and that it transported the goods over Lake Michigan in a car ferry, and also on land, and that it had them in its possession at least six

days.   Under such circumstances the damage *may* have been done while it had the goods, and, since it offered no evidence to relieve itself from the presumption that the damage occurred while they were in its possession, a *prima facie* case of liability on its part was established.   For the presumption that is applicable to the last connecting carrier is equally applicable to any intermediate carrier who is shown to have delivered them to a succeeding carrier in a damaged condition.   3 Hutchinson, Carr. (3d ed.) sec. 1348, and cases cited.

It is claimed the presumption should not attach to the defendant because the goods were shipped in bond from Philadelphia to Manitowoc and it had no opportunity to examine them when they came into its possession because it could not break the customs seal of the United States government.   An examination of authorities will show that some courts rest the presumption of liability, at least in part, upon the fact of opportunity to inspect when the goods are delivered to it, but we think the safer ground to rest it upon is that arising from the necessities of the situation.   As was said in the *Laughlin Case* (28 Wis. 204) :

"The defendant was bound to receive and transport the boxes when tendered.   It was bound to receive them in the condition in which they were.   It had no means of investigation or inquiry into their contents.   It had no right to open the boxes or examine what they contained, and if it had, could not have detected the loss by such examination, and so have refused to receive and carry.   It must take the boxes as they were, with no external signs or appearances of breaking or injury, and nothing to give warning that the cloths had been previously abstracted or removed, and carry them forward to their place of destination."

It appears from this that the very case which established the rule applying the presumption of liability to the last carrier was one in which there was no opportunity to inspect.   So it

cannot be urged that our court based the rule in the first instance, either in whole or in part, upon the ground of opportunity to inspect. It declared the rule in spite of a total lack of such opportunity, and, as we believe, upon the persuasive grounds of promoting justice when it would otherwise fail.

*By the Court.*—Judgment affirmed.