FEELYATER, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY and another, Appellants.

*September 13—October 10, 1922.*

*Carriers: Goods damaged in transit: Connecting carriers: Liability: Presumption from delivery to initial carrier in good condition: Measure of damages: Proof.*

1. The complaint and plaintiff's exceptions to the judgment in an action for damages to a shipment of seed peas being based on the theory that plaintiff was entitled to the value of the peas at the point of delivery if carried and delivered in good condition, less their actual value as tendered at that point—the plaintiff having accepted the consignment in its damaged condition,—he cannot recover freight, demurrage, and warehouse charges.

2. Under sec. 1816d, Stats., providing that on proof being made by the shipper that property has been lost or damaged in transit liability attaches to all connecting carriers who do not prove they were not liable, and in view of the presumption which arises when a shipment delivered to the initial carrier in good condition is damaged when delivered to the consignee that it was received by the last carrier in good condition, in the absence of other proof all carriers are jointly liable to the plaintiff, although the jury found that the proximate cause of the damage was the failure of the initial carrier to furnish a proper car.

3. Where plaintiff's method and the general practice was to contract a year ahead for the sale of seed peas and then in turn to contract with farmers to raise them, and though a certain percentage of seed peas had a spot market there was no general quotation on prices, the price fixed in the contract of sale was some evidence as to their value.

4. The jury by special verdict having fixed the damages per pound and the number of pounds was admitted in the answers, the court correctly computed in the judgment the amount of

damage from the verdict, based on the admitted quantity of peas.

5. Where there was ample evidence to take to the jury the question as to the damage to all of the shipment, the verdict cannot be disturbed on appeal on the ground that the plaintiff consignee should have separated the peas not damaged from those that were.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Dodge county: C. M. DAVISON, Circuit Judge. *Affirmed.*

This is an appeal by both defendants from a judgment in favor of the plaintiff and against both defendants for the sum of $2,520.22 damages and costs. On this appeal the *Chicago & Northwestern Railway Company* asks for a reversal of the judgment with directions to dismiss the action as to it, and the *Chicago, Milwaukee & St. Paul Railway Company* seeks a modification of the judgment as to the amount of damages.

Plaintiff served notice under sec. 3049a, Stats., that he would ask for a review of the refusal of the court to include demurrage and storage charges.

For the appellant *Chicago, Milwaukee & St. Paul Railway Company* there were briefs by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and oral argument by *Mr. Trump.*

For the appellant *Chicago & Northwestern Railway Company* there was a brief by *Samuel H. Cady* and *D. E. Riordan,* both of Milwaukee, and oral argument by *Mr. R. N. Van Doren* of Chicago and *Mr. Riordan.*

For the respondent there was a brief by *Lueck, Clark & Lueck* of Beaver Dam, and oral argument by *Martin L. Lueck.*

CROWNHART, J. This is an action for damages to certain seed peas shipped from Columbus over the line of the *Chicago, Milwaukee & St. Paul Railway Company,* defendant, to Watertown, and by connecting carrier, the defendant *Chicago & Northwestern Railway Company,* to South

Beaver Dam. The complaint alleges that the peas weighed 22,400 pounds and were of the value of $2,464; that the peas were for seed, and that they became water-soaked and ruined for seed purposes *en route,* and that the same were worth no more than $50 as delivered. For a second cause of action the plaintiff claimed that he paid $118.75 freight charges to the defendant *Chicago & Northwestern Railway Company* and demanded recovery of that amount; and for a third cause of action alleges that he was compelled to store said peas at a charge of $15 per month, and demands judgment for $2,532.75.

It is apparent that the complaint goes on the theory that the plaintiff is entitled to the value of said peas at point of delivery, if carried and delivered in good condition, less their actual value as tendered for delivery. Hence the theory of the plaintiff was, in filing his complaint, that the title to the peas in their damaged condition was in the plaintiff.

The complaint contains no cause of action based on a special contract for salvage of the peas, although there is evidence of such a contract. But there was no request to amend the complaint to conform to the evidence.

The case evidently proceeded on that theory, for the jury found that the peas, if delivered in good condition, would have been of the value of eleven cents a pound, but as delivered in their damaged condition they were worth only one cent a pound. The court entered judgment in favor of the plaintiff upon this special verdict for damages, based on the rate of ten cents a pound, to which the plaintiff took no exception. The plaintiff's exception to the judgment goes only to the failure of the court to include $219 for storage charges, and the freight and demurrage charges. In this decision we accept the plaintiff's theory of the case as presented by his complaint and his exceptions to the judgment.

Manifestly, if the title to the peas was in the plaintiff,

then it followed that he accepted the same at South Beaver Dam in their damaged condition, and he cannot recover for freight, demurrage, or warehouse charges.

The defendant *Chicago & Northwestern Railway Company* moved for judgment on the verdict dismissing the action as to it. The jury found that the failure of the defendant *Chicago, Milwaukee & St. Paul Railway Company* to furnish a suitable car was the proximate cause of the damage to the peas.

Sec. 1816*d*, Stats. 1921, provides:

"On proof being made by the owner of the property shipped, that the same has been destroyed or damaged in transit, between the said place of shipment, in this state, and the place of destination, in this state, the liability of a common carrier shall attach to all the defendants and judgment shall be entered accordingly against them all unless one or more of the defendants shall prove that it was not, or they were not, liable, in which case judgment shall go only against the remaining defendant or defendants."

In the case of *Stolze v. Ann Arbor R. Co.* 148 Wis. 205, 134 N. W. 376, it was held:

"Where several connecting carriers transport goods, and the proof shows they were delivered to the first carrier in good condition, but damaged when received by the consignee, a presumption obtains that they reached the last carrier in good condition, and it will be held liable unless it can show that the damage did not occur while the goods were in its possession. This presumption the law invokes from the necessity of the situation, for when plaintiff has shown the goods were shipped in good condition he has made proof of all facts usually within his power to prove, and has proven facts from which a legitimate inference springs that the defendant received them in the same condition, and the burden shifts upon it to rebut such inference by proof to the contrary."

The defendant *Chicago & Northwestern Railway Company* contends that the finding of the jury that the failure of the defendant *Chicago, Milwaukee & St. Paul Railway*

*Company* to furnish a proper car was the proximate cause of the damage relieves the last carrier from liability under the statutes and the decisions of this court. We do not so construe the law. The liability of the defendant *Chicago, Milwaukee & St. Paul Railway Company* is admitted, but the evidence and the verdict are silent as to where the damage to the peas actually occurred. If such damage occurred on the line of the defendant *Chicago & North-western Railway Company,* through its negligence, it would be guilty of contributing proximately to the loss and would be liable. In the absence of proof to the contrary the presumption prevails, and the defendant *Chicago & North-western Railway Company* must be held jointly liable with the *Chicago, Milwaukee & St. Paul Railway Company.*

The defendant *Chicago, Milwaukee & St. Paul Railway Company* excepts to the proofs of damage. The plaintiff is a dealer in seed peas. His method is to contract a year ahead for the sale of peas, and then in turn to contract with the farmers to raise the peas. Such was his method in this case, and such is the general method, although a certain per cent.—from twenty. to twenty-five per cent.—of seed peas have a spot market. There is no general quotation on prices. The quality, type, and kind of peas enter into the question of price. The peas in question had been sold on contract for eleven cents a pound delivered at South Beaver Dam. The contract was introduced in evidence as some proof of market value. There was abundant evidence, aside from the contract, to justify the verdict of the jury. Where there is no open market the price fixed in the contract of sale was some evidence of value. *Lehigh v. Standard Tie Co.* 149 Mich. 102, 112 N. W. 481.

Considering the market for seed peas and the methods of producing and selling them, the contract of sale of these particular peas was admissible as tending to prove value.

The defendants complain of the method of the court in computing the damage to the peas in rendering judgment.

The form of the special verdict was that requested by the defendants. The verdict fixed the damages per pound. The number of pounds is admitted in the answers. The court correctly computed in the judgment the amount of damage from the verdict, based on the admitted quantity of peas. There is no merit in this objection.

The defendants further complain that some of the peas were not damaged and they should have been separated from the damaged peas by the plaintiff. The evidence of the damage to all the peas, considered as seed peas, was ample to take the question to the jury, and the verdict cannot be disturbed on that ground.

*By the Court.*—The judgment of the circuit court is affirmed.                                    •

ESCHWEILER, J. (*dissenting*). The common carrier making the contract for the through shipment was absolutely liable for the damage to the goods wherever such damage occurred, both at common law (*Berger-Crittenden Co. v. C., M. & St. P. R. Co.* 159 Wis. 256, 263, 150 N. W. 496) and by statute (sec. 1816c). It had no defense in this case except as to the amount of damages. It has a right of action over against any subsequent carrier which was in fact actually responsible for the injury. Sec. 1816c. There could be no issue here, therefore, between plaintiff and the initial carrier as to whether such initial carrier was responsible for the proximate cause of the injury.

The goods being tendered for delivery in a damaged condition, the law of evidence raises a presumption, based upon the situation that the goods in transit are beyond the control and inspection of shipper and consignee and within the control and inspection of the carriers, that such goods were in proper condition when delivered to the last carrier and that therefore the damage occurred on its line. *Stolze v. Ann Arbor R. Co.* 148 Wis. 205, 207, 134 N. W. 376;

*Tradewell v. C. & N. W. R. Co.* 150 Wis. 259, 265, 136 N. W. 794.

Subsequent to the decision in the *Tradewell Case,* ch. 326, Laws 1913, created secs. 1816*c,* 1816*d* (quoted in the majority opinion), and 1816*e,* Stats. Said sec. 1816*d* is evidently but a statutory declaration of the rule stated in those two cases.

The delivery carrier here of the goods damaged in transit is therefore under a rule of evidence and under such statute subject to a *prima facie* liability for the loss with the initial carrier. It may be relieved of such *prima facie* liability by showing, not, as suggested in the majority opinion, that the damage did not occur on its line, but, as the plain letter of the statute *supra* provides, that it is *not liable.* The carrier whose negligence is the proximate cause of the injury is the one liable as between the common carriers, both at common law and under our statutes. The connecting carriers are bound in the law to accept the shipment from the preceding carrier (4 Elliott, Railroads (3d ed.) § 2182 (1443*a*); *Berger-Crittenden Co. v. C., M. & St. P. R. Co.* 159 Wis. 256, 264, 150 N. W. 496, 499), and therefore it is mere elementary justice that the loss should ultimately fall on the one whose actual negligence caused the actual damage.

When the jury found that the faulty condition of the box car as furnished to the shipper by the initial carrier was the proximate cause of the injury to the goods, wherever such injury may have occurred during the transportation, they settled the one question properly at issue between the two carriers. Such proper determination of that issue has, however, now been disregarded and set aside by the disposition made of this case.