GOESEL, Respondent, vs. DAVIS, Appellant.

*September 24 — October 11, 1898.*

*Practice: Questions for special verdict: Instructions to jury: Evidence Husband and wife: Agency.*

1. A question proposed for special verdict, compound in form and call ing for a direct affirmative or negative answer, which would not determine anything, is properly rejected.
2. Where the special verdict covers all the issuable facts, the rejection of a proposed question is not error.
3. Where there is to be a special verdict, the right to recover being a matter of law to be determined by the court on the facts found, instructions to the jury may properly be limited to the particular questions, and no general instructions be given.
4. To render a wife competent to testify in behalf of her husband to a transaction in respect to which she acted as his agent, her authority as agent and the scope of it should be made to appear; and her testimony should be confined within that scope.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Action to recover $1,400 and interest claimed to be due plaintiff from defendant on a sale of land. It was admitted that plaintiff sold the lands for $1,475, $75 of which was paid down. Plaintiff claimed the balance was to be paid in one year without interest, while defendant claimed that it was paid when the deed was delivered, by $1,400 par value in the stock of the Caledonia Land Company. There was no question on the evidence but that the stock was delivered to the plaintiff, but he claimed it was turned out as security for the $1,400. The sole contested question was whether the stock was turned out in payment for the land or as security for payment of $1,400 in one year. A special verdict was rendered at the request of the defendant. The issues were found in favor of the plaintiff. Judgment was rendered accordingly, and defendant appealed.

For the appellant there was a brief by *W. J. & J. H. Tur-*
*ner,* and oral argument by *W. J. Turner.* They argued,
among other things, that the wife can only be permitted to
testify, when the husband is a party, because of an excep-
tion to the general rule. In order to qualify her, and before
her evidence should be taken at all, her agency in the trans-
action must be established. Jones, Ev. § 759; *Bartlett v.*
*Clough,* 94 Wis. 196; *Gibbs v. Holcomb,* 1 id. 23; *Chunot v.*
*Larson,* 43 id. 536; *Marsh v. Pugh,* id. 597; *Hazer v. Streich,*
92 id. 505. The testimony must be shown to be within the
scope of the agency. *Chunot v. Larson,* 43 Wis. 536; *Hazer*
*v. Streich,* 92 id. 505. The agency of the wife cannot be es-
tablished by her own testimony. Jones, Ev. § 256; 9 Am.
& Eng. Ency. of Law, 840.

For the respondent the cause was submitted on the brief
of *K. Shawvan.*

MARSHALL, J. There was evidence tending to show that
defendant was represented by one Ganing in making the
trade with plaintiff. The scope of the agent's authority was
called in question. On that the court was requested to sub-
mit to the jury the following question: " Was Ganing au-
thorized by the defendant to buy the plaintiff's property for
cash or was his authority limited to trading of land stock? "
The request was refused, and that is assigned as error. The
ruling was proper because of the form of the question, if for
no other reason. It called for a direct answer in either the
affirmative or negative. Such an answer would not have
determined anything. The question, if submitted and an-
swered would have been, in effect, that the agent was au-
thorized to do one or the other of two things, but which of
the two would have remained undetermined. Questions for
a special verdict should be plain, single, and each so worded
as to cover some fact in issue, or some fact properly issuable
under the pleadings, and requisite to a determination of the

controversy between the parties. *Eberhardt v. Sanger*, 51 Wis. 72; *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610; *Klochinski v. Shores L. Co.* 93 Wis. 417. A compound question calling for a direct affirmative or negative answer, where either may be favorable or unfavorable to either party, has been repeatedly condemned by this court. The question under discussion clearly falls under that condemnation. Moreover, if the question were properly framed, its rejection could not be successfully assigned as error, because the verdict rendered clearly covers all the issuable facts in the case.

Error is further assigned on the refusal to give certain general instructions as to the law governing the right of plaintiff to recover. Such instructions were not applicable to a special verdict, and were properly rejected on that ground. Where there is such a verdict, the right to recover being one of law to be determined by the court on the facts found, instructions may properly be limited to the particular questions, and no general instructions whatever be given. *Burns v. North Chicago R. M. Co.* 60 Wis. 541.

It is further assigned as error that the plaintiff's wife was permitted to testify, against objection, to a conversation between herself and defendant, by which means she was able to state, substantially, what her view of the contract was between plaintiff and defendant. No theory is apparent as to what influenced the trial court to permit that evidence, unless it be that the rule applied, allowing a husband or wife who is the agent of the other in respect to a business transaction, to testify thereto within the scope of such agency. That she was incompetent to testify on any other ground is too clear to require consideration or discussion. To render her competent to testify on such ground, her authority as agent, and the scope of it, should have been made to appear, and her testimony have been confined within that scope. No authority whatever is shown here for plaintiff's wife to act as his agent, except the mere fact that she was "sent to

defendant." What she was sent for is left entirely to con-
jecture, and that cannot reasonably reach beyond a mere
demand for payment of the money claimed. That such was
not the real purpose, however, of producing the wife as a
witness, appears quite conclusively, because proof of a de-
mand was of no consequence, except as bearing on the right
to recover interest, and because plaintiff had previously tes-
tified to such demand, and it was plain that such circum-
stance was not expected to be controverted in the case. Then
again, no question was asked of the witness indicating a pur-
pose to obtain testimony on the subject of a demand. The
whole situation shows that the real purpose was to get be-
fore the jury the wife's impressions of what the truth was as
regards the contract, the evidence showing that she was pres-
ent when it was made; and that purpose was pretty effectu-
ally accomplished, in a manner quite likely to prejudice the
jury against the defendant. The result could hardly have
been different from the loose way the witness was permitted
to testify. Without any preliminary evidence showing the
scope of her competency, or really her competency to testify
at all, she was allowed to answer this question: "You may
state what conversation took place between you and *Mr.
Davis* relative to this matter?" Also the following question
propounded by the court: "Go on and state all that was
said there?" Those questions were broad enough to enable
the witness to state her version of the contract made in her
presence between the parties, in the event of its having been
a subject of discussion at the time of the conversation, and
the situation was such as to naturally have suggested that
it was so discussed. The court should have observed that,
and restricted the inquiry within such narrow limits that it
could not go beyond at least a demand for payment. The
rule allowing a wife or husband to testify to transactions in
which the one acts as agent for the other arises out of the
necessities of the situation, and should be closely guarded on

Goesel vs. Davis.

account of the temptation to false swearing which such a situation presents. Before such testimony should be allowed, the necessity for it, and all the circumstances requisite to bring it clearly within the exception to the general rule excluding the testimony of husband or wife, should be shown, and questions should then be so framed as to confine the evidence within its legitimate limits. When the real controversy between the parties is not a matter to which the agency applies, a broad question, such as "state what was said relative to this matter," could hardly result otherwise than prejudicially, as it clearly did in this case, and for which the judgment must be reversed.

*By the Court.*— The judgment of the circuit court for Milwaukee county is reversed, and the cause remanded for a new trial.