Cullen, Respondent, vs. Hanisch, Appellant.

*March 11—April 1, 1902.*

*Malicious prosecution: Security for costs: Appealable order: Evidence: Witnesses: Cross-examination: Impeachment: Hearsay: Special verdict: Practice: Probable cause: Instructions to jury.*

1. Under sec. 2942, Stats. 1898, providing that any court of record in which a civil action may be pending may, in all cases where it shall appear reasonable and proper, require the plaintiff to give security for such costs as may be awarded against him, an application for an order requiring security for costs is addressed to the sound discretion of the trial court.

2. No appeal lies from such order, it not being enumerated in sec. 3069, Stats. 1898, as one of the orders from which an appeal may be taken.

3. On cross-examination of a party he was asked if a part of the time he had lived in a certain locality he had not been in jail. It did not appear, and the witness was not asked, whether he had ever been convicted of any criminal offense. *Held*, that the exclusion of such question was not error. Sec. 4073, Stats. 1898, authorizes proof of conviction of a criminal offense for the purpose of affecting the witness's "credibility, either by the record or by his own cross-examination," and the mere fact of his having been in jail is without significance.

4. It is not error to exclude a question put to a party on cross-examination, as to whether some years before six witnesses had testified that his reputation for truth and veracity was bad. Such testimony is hearsay and not legitimate cross-examination, and not a proper way of impeaching the party as a witness in his own behalf.

5. It is not error to refuse to allow an impeaching witness to testify that, in another cause in which the plaintiff was a witness, he found eighteen witnesses who would not believe him under oath.

6. In an action for malicious prosecution the important issue on the trial was, whether the defendant procured the arrest of the plaintiff maliciously and without reasonable or probable cause to believe him guilty of the offense with which he was charged. Upon one of the questions submitted as part of a special verdict, the court instructed the jury: "If you find from the evidence that there was a general rumor . . . known to the defendant before the commission of said alleged offense . . . then you may take into consideration such fact, with the other evidence in the case, on the question of probable cause, and on the question of the defendant's acting in good faith and without malice." Defendant assigned as error the refusal to submit, as part of the special verdict, the question: "Was there a rumor in W., at the time the plaintiff was arrested on the charge of removing and concealing chattel-mortgaged property, that he was guilty thereof?" *Held*, not error, the question of general rumor having been by said instruction submitted to, and necessarily considered by the jury in its answer to the question of the special verdict submitted.

7. Under sec. 2858, Stats. 1898, requiring the trial court to "direct the jury to find a special verdict . . . in the form of questions, in writing, relating only to material issues of fact, and admitting a direct answer, to which the jury shall make answer in writing," the form of the verdict is in the discretion of the court, subject to the qualification that it must be limited to such questions of fact as are controverted and put in issue by the pleadings, or, at most, to such as might properly have been put in issue thereby.

8. A special verdict is not designed to elicit from the jury a mere abstract of the evidence, and questions relating merely to evidentiary facts are erroneous.

9. In framing a special verdict it is error to split up important questions put in issue by the pleadings into a number of minor questions, the determination of some of which settle nothing so put in issue.

10. In an action for malicious prosecution, it is error to submit by separate questions, whether the defendant instituted the prosecution maliciously, and also whether he procured the warrant to be issued maliciously.

11. In an action for malicious prosecution, it is error to refuse to instruct the jury that the burden of proof to show want of probable cause was upon the plaintiff.

12. In actions for malicious prosecution, probable cause or want of probable cause necessarily depends upon what the prosecuting party knew or ought to have known at the time of instituting the criminal prosecution, and hence, in the absence of a certificate of the magistrate, under secs. 4760, 4791, Stats. 1898, that the complaint in the criminal action was wilful and malicious, and without probable cause, the acquittal is not *prima facie* evidence of the want of probable cause. *Bigelow v. Sickles*, 80 Wis. 98, distinguished.

13. In such action it is not error to refuse to instruct the jury that "the fact that plaintiff was discharged upon his trial in the criminal case is not conclusive evidence of want of probable cause." The instruction should have been, "The acquittal of plaintiff in such criminal action is no evidence of want of probable cause."

14. In submitting a special verdict it is error to inform the jury what would entitle plaintiff to recover, and, by grouping several questions together under general instructions, fail to charge the jury with instructions appropriate to each question.

APPEAL from a judgment and an order of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Judgment reversed; appeal from order dismissed.*

This is an action for damages for malicious prosecution, commenced November 26, 1900. The complaint alleges, in effect, that October 2, 1900, the defendant maliciously and without reasonable or probable cause made complaint on oath before a justice of the peace, charging the plaintiff with having on that day, in the city of Waupun, concealed, removed, and driven away a certain brown stallion, named "Suzerain," after having conveyed the stallion to the defendant by chattel mortgage, and during the existence of the lien thereon and title thereto created by the mortgage, and without the consent of the defendant as such mortgagee, and with the intent to defraud the defendant, and thereupon procured and caused to be issued by such justice a warrant reciting the substance of such complaint, and upon which the plaintiff was upon the day named arrested and taken before such justice; that the plaintiff thereupon caused the venue to be changed to another justice, on the ground of prejudice; that the plaintiff

was then imprisoned for one day by such other justice, and held to bail in the sum of $150; that a trial was duly had before such other justice November 3, 1900, and it appeared thereon that the offense charged had not been committed; and that the plaintiff was thereupon discharged,—and claimed $1,000 damages.

The defendant answered by way of admissions, denials, and counter allegations, and especially denied that such complaint before the justice was made maliciously or without reasonable or probable cause, and alleged, in effect, that the complaint was made upon the advice of counsel, to whom he fully and fairly stated the case, and that such complaint was made in good faith, firmly believing that the statements therein contained were true, and that just before and at the time of making such complaint there was a general rumor in the vicinity where such offense was alleged to have been committed that the plaintiff was guilty thereof.

On January 14, 1901, the defendant moved the court for an order requiring the plaintiff to give security for costs, which was denied, with $5 costs against the defendant. It is admitted that the plaintiff executed and delivered to the defendant the chattel mortgage mentioned, May 6, 1899, upon the stallion and other property, to secure his note executed at the same time for $150, payable May 6, 1900; but the plaintiff claimed that it was fully paid prior to his arrest, and that fact was denied by the defendant, who insisted that it was unpaid and a valid and subsisting mortgage.

At the close of the trial the jury returned a special verdict to the effect (1) that the criminal prosecution commenced by the defendant against the plaintiff was terminated before the commencement of this action; (1½) that the indebtedness secured by the chattel mortgage in question was paid before the commencement by the defendant of the criminal prosecution against the plaintiff; (2) that the motive of the defendant in instituting the prosecution complained of was malicious; (3) that the defendant, in procuring the warrant in

question to be issued, acted maliciously; (4) that the defendant, in procuring the warrant in question to be issued, acted without probable cause for so doing; (5) that the defendant, in commencing the criminal prosecution against the plaintiff, acted without probable cause; (6) that the defendant, before commencing the criminal prosecution against the plaintiff, did not make a full, fair, and honest statement of all the material facts bearing upon the question of the plaintiff's guilt of the offense alleged against him to an attorney at law, for the purpose of procuring legal advice thereon; (7) that the defendant, in making such statement, withheld from the attorney some material fact to his knowledge bearing upon the question of the plaintiff's guilt of the offense charged against him; (8) that the defendant, in commencing the criminal prosecution in question, did not act in good faith upon the advice of counsel; (9) that the defendant, in commencing the criminal prosecution in question, acted upon his own judgment; (10) that the defendant did not commence the criminal prosecution against the plaintiff under the honest belief that the plaintiff was guilty of the offense charged against him; (11) that such belief of the defendant was not founded upon facts and circumstances sufficient to produce in the mind of a reasonable and prudent man such a serious suspicion of the plaintiff's guilt of the offense charged against him as to repel the idea that he was actuated by malice; (12) that they assessed the plaintiff's actual damages at $200, and his exemplary damages at $125, making in all $325.

Judgment was thereupon entered in favor of the plaintiff for $325 damages and $80.62 costs. From that judgment the defendant brings this appeal. He also appeals from the order refusing security for costs.

For the appellant the cause was submitted on the brief of *C. E. Hooker.*

For the respondent there was a brief by *Ned. Roney* and *M. L. Lueck,* and oral argument by *Mr. Lueck.*

CASSODAY, C. J.   Error is assigned because the court re-
fused to require the plaintiff to give security for costs.   The
statute provides:

"Any court of record in which a civil action may be pend-
ing may, in all cases where it shall appear reasonable and
proper, require the plaintiff to give sufficient security for all
such costs as may be awarded against him therein."   Sec.
2942, Stats. 1898.

Upon the showing made, the court might properly have
granted the defendant's motion, and required the plaintiff to
give security for costs.   But the motion was under the stat-
ute, as repeatedly construed by this court, addressed to the
sound discretion of the trial court, and we cannot say that
there was an abuse of such discretion.   *Heeron v. Beckwith,*
1 Wis. 17; *Joint School Dist. v. Kemen,* 72 Wis. 179, 39
N. W. 131.   Besides, the order is not appealable.   Sec. 3069,
Stats. 1898.

2. It is claimed that the verdict is against the weight of
evidence.   But that question was for the jury to determine.
We cannot say that there is no evidence to sustain the ver-
dict,—much less, that it is contrary to the evidence.

3. Error is assigned for the exclusion of testimony.   The
plaintiff, after testifying on his direct examination that when
he was arrested he was put in the city lockup, and on his
cross-examination that he had lived in Waupun for two years,
and before that a year or so at Beaver Dam, and before that
a year and a half at Columbus, was asked this question:   "A
part of that time you were in jail, were you not?"   Error is
assigned because that question was excluded.   We find no
error in such ruling. It did not appear, and he was not asked,
whether he had ever been convicted of any criminal offense.
The statute authorized the proof of such conviction to affect
the plaintiff's "credibility, either by the record or by his own
cross-examination."   Sec. 4073, Stats. 1898.   The mere fact
of being in jail would be without significance.   Nor can

we say it was error not to require him to answer on cross-examination whether on his divorce trial, some years before, six witnesses had not testified that his reputation for truth and veracity was bad and that they would not believe him under oath. It was, at most, hearsay, and not legitimate cross-examination, nor a proper way of impeaching the plaintiff as a witness in his own behalf. 1 Greenl. Ev. (15th ed.), §§ 461–469. Certainly there was no error in not allowing the defendant's impeaching witness Rowell to testify that upon a former trial of a case in which he was interested and the plaintiff was a witness, he found eighteen witnesses who would not believe the plaintiff under oath. Such testimony would have been the merest hearsay.

4. Error is assigned because the court refused to submit to the jury this question: "Was there a general rumor in Waupun, at the time the plaintiff was arrested on the charge of removing or concealing chattel-mortgaged property, that he was guilty thereof?" In support of such contention, counsel cite the statute which requires the trial court to "direct the jury to find a special verdict . . . in the form of questions, in writing, relating only to material issues of fact, and admitting a direct answer, to which the jury shall make answer in writing." Stats. 1898, sec. 2858. That statute has frequently been construed to "limit such questions to such facts as are controverted and put in issue by the pleadings, or, at most, to such as might properly have been put in issue by the pleadings." *Heddles v. C. & N. W. R. Co.* 74 Wis. 258, 42 N. W. 237, and cases there cited. But the form of the verdict in all such cases is very much in the discretion of the trial court. *Id.; Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 362, 77 N. W. 714. The important issue on the trial was whether the defendant procured the arrest of the plaintiff maliciously and without reasonable or probable cause to believe he was guilty of the offense, under the statute, of which he was charged. Sec. 4467, Stats. 1898. The fact whether

there was such general rumor of the plaintiff's guilt at the time was simply a matter of evidence, bearing upon the question whether the defendant procured the arrest maliciously and without reasonable or probable cause. Upon the fifth question submitted, the court charged the jury on the subject of probable cause, and, among other things, said:

"If you find from the evidence that there was a general rumor in the city of Waupun, known to the defendant before the commission of said alleged offense by the defendant, then you may take into consideration such fact, with the other evidence in the case, on the question of probable cause, and on the question of the defendant's acting in good faith and without malice."

The question of general rumor was thus submitted to, and necessarily considered by, the jury, in answering that question.

5. This court has many times declared that such special verdict was not designed to elicit from the jury a mere abstract of the evidence. *Eberhardt v. Sanger,* 51 Wis. 72, 76, 8 N. W. 111; *Heddles v. C. & N. W. R. Co.* 74 Wis. 258, 42 N. W. 237; *Ohlweiler v. Lohmann,* 88 Wis. 78, 59 N. W. 678; *McKeon v. C., M. & St. P. R. Co.* 94 Wis. 486, 69 N. W. 175; *Goesel v. Davis,* 100 Wis. 678, 76 N. W. 768. And yet a number of the questions submitted related merely to such evidentiary facts, and hence were erroneous.

6. For many years this court has sought to limit questions submitted in special verdicts to such facts, as far as practicable, as are controverted and put in issue by the pleadings. A quarter of a century ago, Chief Justice RYAN tersely stated that:

"The statute providing for special verdicts is an excellent one, tending to dispel the occasional darkness visible of general verdicts. But special verdicts are worse than useless if courts do not submit for them single, direct, and plain questions, and insist upon positive, direct, and intelligible answers. Indirect, evasive, uncertain and unmeaning an-

swers should never be received. And when none other can be drawn from a jury, the verdict should not stand for a moment." *Carroll v. Bohan,* 43 Wis. 221.

That language is just as potential now as when first announced. Had it been faithfully followed, many of the cases which have come to this court would have terminated in the trial court. It has been heeded by some trial courts, but widely departed from in others, though frequently enjoined by this court, either in the same or similar language, or language of a like import. *Eberhardt v. Sanger,* 51 Wis. 74, 8 N. W. 111; *Murray v. Abbot,* 61 Wis. 198, 203, 20 N. W. 910; *Heddles v. C. & N. W. R. Co.* 74 Wis. 257, 258, 42 N. W. 237; *Montreal River L. Co. v. Mihills,* 80 Wis. 558, 50 N. W. 507; *Farley v. C., M. & St. P. R. Co.* 89 Wis 206, 208, 61 N. W. 769; *McGowan v. C. & N. W. R. Co.* 91 Wis. 147, 158, 64 N. W. 891; *Klochinsky v. Shores L. Co.* 93 Wis. 423, 424, 67 N. W. 934; *Louis F. Fromer & Co. v. Stanley,* 95 Wis. 59, 69 N. W. 820; *Baxter v. C. & N. W. R. Co.* 104 Wis. 317, 80 N. W. 644; *Peake v. Superior,* 106 Wis. 407, 408, 82 N. W. 306; *Sladky v. Marinette L. Co.* 107 Wis. 257, 83 N. W. 514; *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816. As stated in a recent case:

"Questions for a special verdict should be plain, single, and each so worded as to cover some fact in issue, or some fact properly issuable under the pleadings, and requisite to a determination of the controversy between the parties." *Goesel v. Davis,* 100 Wis. 679, 76 N. W. 768.

· In a still more recent case it is said:

"The object of a special verdict is solely to obtain a decision of issues of fact raised by the pleadings, not to decide disputes between witnesses as to minor facts, even if such minor facts are essential to and establish, by inference or otherwise, the main fact." *Baxter v. C. & N. W. R. Co.* 104 Wis. 313, 80 N. W. 644.

These numerous cases are cited, not because there is any difficulty in comprehending the statutory rule so often ap-

plied, but because in some jurisdictions such rule does not seem to be understood. Here the important question so put in issue by the pleadings was split up into a number of minor questions, the determination of some of which settled nothing so put in issue by the pleadings. Thus the jury were required to determine whether the defendant instituted the prosecution maliciously, and also whether he procured the warrant to be issued maliciously. And yet in another connection the jury were told:

"Both malice and the absence of probable cause must exist concurrently to make a case of malicious prosecution. Absence of probable cause is a complete defense. . . . If you find from the evidence that the defendant had probable cause for believing, and did believe, that the plaintiff had committed the criminal offense referred to, then he was not precluded from making complaint for the same before a justice of the peace, even if you should find from the evidence that he had malice against the plaintiff."

This court has held:

"An action for malicious prosecution cannot be maintained, even though express malice be shown, if the defendant had good reason to believe, and did believe, when he made complaint, that the plaintiff had committed the offense charged." *Murphy v. Martin,* 58 Wis. 276, 16 N. W. 603.

To the same effect, *Strehlow v. Pettit,* 96 Wis. 22, 27, 71 N. W. 102; 2 Greenl. Ev. (15th ed.), §§ 453, 454. It is there said by Mr. Greenleaf that want of probable cause "is independent of malicious motive, and cannot be inferred, as a necessary consequence, from any degree of malice which may be shown."

The court improperly refused to charge the jury that the burden of proof to show that there was no probable cause was upon the plaintiff. This was error. *Messman v. Ihlenfeldt,* 89 Wis. 591, 62 N. W. 522.

7. The answer to the first question submitted was directed

and in fact inserted by the court, to the effect that the criminal prosecution had been terminated before the commencement of this action. The court properly refused to charge the jury that "the fact that plaintiff was discharged upon his trial in the criminal case is not conclusive evidence of want of probable cause." Had the court so instructed the jury, they might have inferred that such discharge was *prima facie* evidence of want of probable cause. The furthest this court has gone on that question is to hold that "the judgment of a justice of the peace discharging a person on the examination upon a criminal complaint is *prima facie* evidence against the complainant of want of probable cause for the prosecution." *Bigelow v. Sickles,* 80 Wis. 98, 49 N. W. 106. In that case the committing magistrate, sitting as a court, after hearing testimony, found that no offense had been committed, and the prisoner was discharged; and the court further found, and thereby certified, that the complaint therein was wilful and malicious and without probable cause, and thereby rendered judgment in favor of the state and against the complainant for costs in such proceeding, and taxed the same at $106.58. Such finding and certificate of the committing magistrate were in compliance with the statutes. Secs. 4760, 4791, Stats. 1898. In the case at bar it is alleged that the criminal complaint was made by the defendant herein maliciously and without reasonable or probable cause, and that a trial was duly had before the justice, and that "it appeared upon the whole thereof that no offense such as charged, nor any kind, had been committed, and that there was not probable cause for charging plaintiff with the same, and that the plaintiff was thereupon discharged." The answer denied each and every of such allegations, except that such complaint was made and trial had thereon and that the plaintiff was discharged, and alleged that the complaint was made in good faith. Manifestly the plaintiff was tried and acquitted. There is no proof in the record to show any such

finding of the justice as in *Bigelow v. Sickles, supra,* or as required by the sections of the statute cited. Such discharge of the plaintiff could not properly be regarded even as *prima facie* evidence of want of probable cause. 2 Greenl. Ev. (15th ed.), § 455; Newell, Mal. Pros. 289, § 19. In another connection the author last cited says that:

"A want of probable cause is not shown by the acquittal of the accused. If such were the rule, but few, if any, would dare make an effort to enforce the criminal laws of a state. To do so would involve the prosecuting witness, wherever the prosecution failed, in vexatious litigation and loss, and none could be expected to incur such hazards. Prosecuting witnesses must be protected where they act in good faith on facts and circumstances which are such as induce a belief of guilt in the mind of a reasonable person. This has always been the rule of the law. The issue for the jury or the court to try is not the guilt of the plaintiff. If the defendant act in good faith on evidence, whether true or false, which is sufficient to create a reasonable belief that the accused is guilty of the offense, he is protected." Sec. 20, p. 294.

Thus it is held in Connecticut that "a discharge of the plaintiff is essential to his recovery, but it is not proof of want of probable cause, nor of malice." *Thompson v. Beacon Valley R. Co.* 56 Conn. 493, 16 Atl. 554. To the same effect, *Anderson v. Friend,* 85 Ill. 135; *Boeger v. Langenberg,* 97 Mo. 390, 11 S. W. 223. In this last case it was held that "an acquittal does not tend to establish want of probable cause in moving the prosecution." So it has been held in Iowa that "an acquittal upon the final trial of criminal proceedings raises no presumption of a want of probable cause in an action for malicious prosecution." *Philpot v. Lucas,* 101 Iowa, 478, 70 N. W. 625.

In the light of these authorities, it is very obvious that the court should have charged the jury, as requested, that "the acquittal of the plaintiff in such criminal action is no evidence of want of probable cause." In the section of Green-

leaf, Ev. cited above, the rule is tersely stated thus: "Probable cause does not depend on the actual state of the case, in point of fact, but upon the honest and reasonable belief of the party prosecuting." Among the cases cited in support of such rule is one where Mr. Justice COLERIDGE states "that reasonable and probable cause must be that which exists in the mind of the party at the time of the act in question." *James v. Phelps,* 11 Adol. & E. 483, 489. And another where it is held "that, if the defendant preferred the indictment with the consciousness that he was in the wrong in the transaction, there was no reasonable or probable cause for the indictment." *Hinton v. Heather,* 14 Mees. & W. 131. See, also, *Delegal v. Highley,* 3 Bing. N. C. 950; *Seibert v. Price,* 5 Watts & S. 438; *Plummer v. Gheen,* 3 Hawks, 66. Probable cause or want of probable cause necessarily depends upon what the prosecuting party knew or ought to have known at the time of instituting the criminal prosecution.

8. By splitting up the principal issue made by the pleadings the charge of the court was much less helpful, if not misleading and confusing. Thus in charging the jury upon the second question submitted, which related wholly to the defendant's motive and malice, the court charged the jury on the want of probable cause. The third question related to malice on the part of the defendant, and the fourth and fifth related to want of probable cause at different stages of the proceedings, but in charging the jury they were all grouped together; and the charge thereon related to want of probable cause and evidence of good faith, and referred back to the instructions which had been given upon malice, as not being necessary to repeat. So, in charging the jury, the sixth, seventh, and eighth questions submitted, all relating to the advice of counsel, were grouped together; the court again going over both malice and want of probable cause, a portion of which has been quoted above. The ninth question was of a kindred nature, but was submitted without instruction. The

tenth and eleventh questions related to the defendant's good faith, and both were submitted without instruction. Besides, prior to submitting any of the questions the court charged the jury generally and, among other things, informed them what would entitle the plaintiff to recover. Such methods of charging the jury are in direct conflict with several recent decisions of this court, commencing with *Ward v. C., M. & St. P. R. Co.* 102 Wis. 215, 223, 78 N. W. 442. As there stated by Mr. Justice WINSLOW, that such method of charging the jury "is the very thing which the special verdict is intended to prevent is evident from the law itself. The special verdict was expressly intended to submit to the jury for answer certain questions of fact, which they are to answer from the evidence, guided by instructions appropriate to the questions only, without regard to the legal effect of their answers upon the ultimate question of the rights of the parties. Thus it was expected and intended to relieve the jury from all consideration as to whether their answers are consistent with a general recovery by either party, and thus to obtain a result, as far as possible, free from sympathy or prejudice." *Schaidler v. C. & N. W. R. Co.* 102 Wis. 564, 571, 78 N. W. 732; *New Home S. M. Co. v. Simon,* 104 Wis. 120, 80 N. W. 71; *Brunette v. Gagen,* 106 Wis. 618, 82 N. W. 564; *Rhyner v. Menasha,* 107 Wis. 206, 83 N. W. 303; *Sladky v. Marinette L. Co.* 107 Wis. 259, 83 N. W. 514; *Musbach v. Wis. C. Co.* 108 Wis. 70, 84 N. W. 36; *Bartlett v. Collins,* 109 Wis. 477, 85 N. W. 703. There was clearly a mistrial.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial. The appeal from the order refusing security for costs is dismissed.