KIEPERT, Respondent, vs. NUGENT, Appellant.

*March 12—April 8, 1913.*

*Husband and wife: Competency of wife as witness: Agency: Contract to effect reconciliation: Validity: Deceit.*

1. A wife cannot testify in her husband's behalf except as to matters in which she acted as his agent.
2. In an action upon a promissory note, where defendant claimed that under an agreement with plaintiff he should be credited a certain sum for bringing about a reconciliation between plaintiff and his wife and testified to the transactions with the

wife for the purpose of showing that such reconciliation was effected by him, the wife was not a competent witness to deny defendant's statements as to such transactions; and the error in permitting her to testify on that subject is ground for a reversal.

3. The wife was competent, however, in such a case to testify as to conversations with and admissions by the defendant upon an occasion when, as agent for her husband, she went to defendant to collect a balance supposed to be due on the note in suit.

4. An agreement by a husband, estranged from his wife, to pay a third person for effecting a reconciliation, is a legal contract, laudable in its purposes, and the right to recover thereon is not defeated by the fact that, in order to make a greater inducement to the wife, such third person joined with the husband in a scheme to deceive her as to the amount of money possessed by the husband.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an action to recover a balance of $600 alleged to be due upon a promissory note of $700, and the defense was that $230 had been paid thereon in cash and $450 in services performed by defendant at the request of the plaintiff.

The plaintiff was treated for inebriety at the defendant's sanitarium, and the original sum of $700 was turned over to the defendant for safe keeping when the plaintiff entered the sanitarium, and a note given for the amount. At that time a divorce action was pending against the plaintiff, and it is undisputed that the defendant made some payments of alimony in that action on behalf of the plaintiff out of the money received by him as aforesaid. It is undisputed also that the defendant went to see plaintiff's wife and her counsel several times about a reconciliation, and that finally the plaintiff's wife came to the sanitarium and took a meal with her husband, and that a reconciliation was then effected. The defendant claims that the plaintiff had agreed to allow him $450 as a payment on the note if he succeeded in bringing about a reconciliation, and that the reconciliation was due to his efforts. The plaintiff denied that any such agreement

was made, and also denied that the reconciliation was in fact brought about by the defendant.  A general verdict for the plaintiff for the amount claimed in the complaint was rendered, and the defendant appeals.

For the appellant the cause was submitted on the brief of *W. J. Kershaw.*  He cited *Mountain v. Fisher,* 22 Wis. 93, 97; *Carney v. Gleissner,* 58 Wis. 674, 17 N. W. 398; *Hale v. Danforth,* 40 Wis. 382.

For the respondent the cause was submitted on the brief of *Runkel, Runge & McLogan.*

WINSLOW, C. J.   There is but one question of serious importance in the case, namely, the question of the admissibility of the evidence of the plaintiff's wife in his behalf.   The defendant, *Nugent,* had testified to the contract made with the plaintiff and to the visits which he made to the plaintiff's wife and her attorney in his endeavor to bring about a reconciliation, and to the facts as to the final meeting of the parties at the sanitarium when the reconciliation actually took place. He was allowed also to testify that the reconciliation so made was brought about by him.   Upon rebuttal the plaintiff's wife was called as a witness, and was allowed, against objection for incompetency, to testify in detail as to her conversations with the defendant, and to deny that *Nugent's* efforts brought it about, and to state why she became reconciled to her husband.   This testimony was admitted on the ground that the defendant had been examined as to these transactions with the wife, and that it was thus made proper to call the wife to deny the defendant's statements as to his transactions with the wife.   The general rule that the wife cannot testify on her husband's behalf, except as to matters in which she acted as his agent, is freely conceded, but the claim is made that the situation justifies and demands a further inroad on the general rule on the ground of the necessities of the case.

Whether the general rule is wise or logical is not necessary

to be considered. With the single exception above noted, it has been laid down and followed by this court since a very early day. *Hale v. Danforth,* 40 Wis. 382; *Goesel v. Davis,* 100 Wis. 678, 76 N. W. 768; *Tradewell v. C. & N. W. R. Co.* 150 Wis. 259, 136 N. W. 794. If it is to be changed now, we think it should be done by legislative act. The introduction of competent evidence by the defendant as to his interviews with the wife can make no difference with the rule. This is not a case where evidence, otherwise incompetent, may become competent by reason of the introduction of evidence on the subject by the opposing party. Sec. 4070, Stats. The receipt of this incompetent evidence must be considered as affecting the substantial rights of the defendant, and hence must be held as sufficient ground for a reversal.

The evidence of the wife was also received, against objection for incompetency, as to conversations with and admissions made by the defendant on an occasion when she went to defendant's sanitarium to collect the balance supposed to be due upon the note. As the plaintiff had previously testified that he sent his wife to collect the note, it seems that this testimony was clearly admissible under the exception to the general rule above stated.

It is suggested that the defendant cannot be heard to make his defense because, by his own evidence, he convicts himself of having committed a fraud on the wife in his attempt to procure a reconciliation between the parties. The defendant testified that when he received the $700 from plaintiff April 2, 1907, he gave the plaintiff a sixty-day note for the same (which he produced on the trial) which provided for the payment of the $700, "less services of maker and such advances made at, to, or for said *Rudolph Kiepert.*" The defendant further testified that on the 25th day of May following, after plaintiff's wife had consented to come and talk with him at the sanitarium and it was

thought that a reconciliation might be effected, the plaintiff told him that he must have a note which would show his wife that he had $600 of his own or she would not be reconciled, and defendant then consented to make a new note for $700, without condition, but with an indorsement of $100 paid March 20th upon the back, on the condition that this second note was to be exchanged for the original after the reconciliation was effected.   It is said that this scheme is fraudulent and vitiates the defendant's claim for any compensation.   We do not think so.   The legal principle is that a contract to invade the legal rights of another, either as to person, property, or reputation, is invalid, but there was no such contract here.   1 Page, Contracts, § 401.   The contract here, if there was one, was a perfectly legal contract,— in fact, a contract laudable in its purposes so far as both public and private interests are concerned.   The reconciliation of all estranged married persons is very much to be desired. There is nothing, therefore, which can be urged as avoiding the contract at the time it was made, nor afterwards up to the very day of the reconciliation.   The object was good; it was the duty of both husband and wife to be reconciled, if possible, whether the husband had money or not.   The deceit, if there was deceit, was incidental and participated in by both plaintiff and defendant.   It made the inducement for reconciliation on the part of the wife a little greater, perhaps, but it infringed none of her rights and did her no legal wrong.   We are unable to see how it could deprive the defendant of the fruits of his labors, if in fact there was a valid contract made originally and if in fact it was due to his efforts that a reconciliation finally took place.

*By the Court.*-—Judgment reversed, and action remanded for a new trial.