#### GRAY v. COLORADO SOUTHERN RY. CO. et al. (No. 7598.)

(Court of Civil Appeals of Texas. Galveston. May 22, 1918. Rehearing Denied June 13, 1918.)

1. CARRIERS ⬯308—CARRIERS OF PASSENGERS—LIABILITY OF INTERMEDIATE CARRIERS.

The Carmack Amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595), making all carriers receiving property for transportation in interstate commerce liable for loss or damage to the property, did not apply where a railroad sold ticket to passenger covering three railroad lines and one bus line controlled by such carrier, and the passenger was injured while on the bus line; only the initial carrier was liable, the subsequent carriers being liable only for their own negligent acts.

2. CARRIERS ⬯308 — INJURIES TO PASSENGERS—CONNECTING CARRIERS—LIABILITY OF INITIAL CARRIER.

Where initial carrier sold passenger ticket on three lines of railroad and on one bus line, and passenger was injured while riding in the bus, the driver of which was employed for such purpose by such carrier, the passenger's husband had a cause of action against the initial carrier for such injuries.

Appeal from District Court, Matagorda County; Saml. J. Styles, Judge.

Action by J. L. Gray against the Colorado Southern Railway Company and others. Judgment dismissing the action, and plaintiff appeals. Reversed and remanded.

W. C. Gray, of Palacios, and W. C. Carpenter and Linn & Austin, all of Bay City, for appellant. Terry Cavin & Mills and John G. Gregg, all of Galveston, for appellees.

LANE, J. This suit was brought by J. L. Gray, appellant, against the Colorado Southern Railway Company, a railway corporation in the state of Colorado, the Gulf, Colorado & Santa Fé Railway Company, and V. Schill, the owner of a bus which he uses in transferring passengers from the depot of one railway to another, in the city of Bay City, Tex., to recover damages for personal injuries alleged to have been sustained by appellant's wife by

falling from the transfer bus of said Schill, while she was being transferred from the depot of the Gulf, Colorado & Santa Fé Railway Company at Bay City to the depot of the Galveston, Harrisburg & San Antonio Railway Company, situated in said city.

After filing his original petition, appellant, Gray, filed his amended petition, and dismissed his suit as against the Colorado Southern Railway Company, and in said amended petition he alleged, among other things:

"That said Gulf, Colorado & Santa Fé Railway Company is a railroad corporation chartered and existing under and by virtue of the laws of the state of Texas, and operates a line of its railroad through Matagorda county, Tex., and maintains an office and having a local agent at Bay City, in said county, in the person of W. J. Warner; and that the defendant V. Schill also resides in Matagorda county, Tex., and that both of said defendants are common carriers for hire. And, for cause of action against said defendants, plaintiff alleges that on the 7th day of August, A. D. 1916, his wife, Mrs. Nannie Gray, being desirous of traveling from Boulder, in the state of Colorado, to Palacios, in the state of Texas, purchased from the Colorado Southern Railway Company a ticket. Said ticket entitled her to first-class passage over its own and connecting lines from the said city of Boulder to the said city of Palacios. That in selling said ticket the Colorado Southern Railway Company was acting as agent for its connecting lines and carriers. That it transported her from Boulder to the city of Denver in the state of Colorado, and then delivered her to the Atchison, Topeka & Santa Fé Railway Company, which transported her over its line to its junction with the defendant Gulf, Colorado & Santa Fé Railway Company at Ft. Worth, Tex., at which point it delivered her to the said last-named defendant. That in selling the said ticket the said Colorado Southern Railway Company bound each of its connecting carriers to transport safely the said wife of plaintiff over its respective lines of railway and deliver her safely to its next connecting carrier. That the last carrier that was to transport her was the Galveston, Harrisburg & San Antonio Railway Company from Bay City, Matagorda county, Tex., to Palacios, in said county. That while the line last named intersects the line of the Gulf, Colorado & Santa Fé Railway Company at Bay City, yet they maintain separate stations, and passengers holding tickets over both of said lines have to be conveyed or transferred from one station to the other by conveyances or means other than railway cars. That, in purchasing the ticket aforesaid, plaintiff's wife purchased and paid for, and there was attached to and made a part of said ticket, a coupon entitling her to a transfer or transportation from the station of the said Gulf, Colorado & Santa Fé Railway Company to the station of the Galveston, Harrisburg & San Antonio Railway Company at Bay City. That he is informed and believes, and so believing charges, that the said Gulf, Colorado & Santa Fé Railway Company has an arrangement, and so had at the time hereinafter mentioned, with the defendant V. Schill, whereby the said V. Schill was to transfer all passengers holding transfer tickets or coupons from its station in Bay City to the other railway stations in said city, and paid him therefor. That passengers over its said lines of railway holding transfer coupons are obliged and compelled to take the conveyance furnished by the said V. Schill, or pay another fare to some other person to transfer them. That by reason of such arrangement said V. Schill became and was an employé or agent of the said Gulf, Colorado & Santa Fé Railway Company, and that because of this relation the said defendant railway company was and is bound in law to see that the said V. Schill provide the safest mode of conveyance, or the safest vehicles in which to make said transfers, and to exercise a high degree of care in transferring its passengers from its station to the other stations in the said Bay City.

"Plaintiff further shows to the court that the defendant V. Schill was, at and before the date of the injury complained of, the agent and employé of the defendant Gulf, Colorado & Santa Fé Railway Company, and said Schill was at the time of the injury engaged in the performance of the duty of transferring and transporting plaintiff's wife under said contract of said railway company from its depot to the depot of its connecting carrier at Bay City, Tex., in the line of travel contracted for. That said contract of transfer from depot to depot was a separate contract of the said Gulf, Colorado & Santa Fé Railway Company in furtherance of its contract to deliver said passengers to its connecting line, the Galveston, Harrisburg & San Antonio Railway, at Bay City, Tex., and in fact and in law occurred upon defendant's line. That said injury occurred by reason of the negligence and want of care of the said agent and employé of defendant Gulf, Colorado & Santa Fé Railway Company, in the performance of said contract, and said defendant cannot limit its liability for injuries occurring through the negligence of its said agent and employé. Plaintiff would further show that his said wife made the trip in safety from the said city of Boulder to the said city of Bay City, and that upon alighting from the train of defendant Gulf, Colorado & Santa Fé Railway Company, at the latter place, she inquired of defendant's agents for the vehicle to transfer her to the station of the Galveston, Harrisburg & San Antonio Railway Company, and was directed to take the autobus of defendant V. Schill, which was then standing in the yards of the said defendant railway company; whereupon she presented her ticket, entitling her to be transferred, to the chauffeur, or driver of said bus, who tore off the said coupon and retained it, and directed plaintiff's wife to enter said bus. The plaintiff's said wife entered the autobus of said V. Schill as directed."

Plaintiff also alleged that the bus of V. Schill was defectively and negligently constructed as a conveyance for passengers, and that the driver thereof was negligent in driving the same and that by reason of said defective construction and negligent driving plaintiff's wife was thrown from said bus and seriously injured, to plaintiff's damage in the sum of $5,000.

Upon request of plaintiff, Gray, V. Schill was dismissed from the cause.

The defendant Gulf, Colorado & Santa Fé Railway Company demurred generally to plaintiff's petition, which was sustained by the trial court, and the cause was thereupon dismissed.

By the first assignment of error it is, in substance, insisted that the court erred in sustaining the general demurrer of the Gulf, Colorado & Santa Fé Railway Company, and in holding that plaintiff's petition showed no cause of action; because the ticket issued and sold by the Colorado & Southern Railway Company, the initial carrier, to plaintiff's wife, constituted a joint and several contract of all the transportation lines named therein, and entitled her to safe passage over

all of said lines, including the bus line of V. Schill, from Boulder, Colo., to Palacios, Tex., and that under what is known as the Carmack Amendment to the act of Congress regulating carriers of interstate commerce (volume 3, U. S. Annotated Statutes, p. 297), all of the transportation lines over which appellant's wife passed under her said contract were and are jointly and severally liable for any and all damages suffered by her by reason of the negligence of any one or of all of said companies while she was being carried under said contract.

[1] While we have reached the conclusion that the court erred in sustaining the general demurrer for reasons hereinafter stated, we cannot sustain the contention that any of the lines called for under the contract, except the Colorado & Southern Railway Company, are liable for any damages suffered by plaintiff's wife, except such as were suffered by the negligence of the respective companies.

The Carmack Amendment, supra, among other things, provides that any common carrier, railroad, or transportation company, subject to the provisions of the same, which shall receive property for transportation from a point in one state or territory to a point in another state or territory, shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it, or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, when transported on a through contract of carriage. It further provides, however, that nothing therein shall deprive any holder of such contract of any remedy or right of action which he has under the law as it existed at the time of the passage of said act. It further provides that the common carrier, railroad, or transportation company issuing such contract shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained the amount of such loss, damage, or injury as it may be required to pay to the owner of such property.

While it is unquestionably true that the Colorado Southern Railway Company, the initial carrier, is liable for such injuries as were suffered by plaintiff's wife, none of the intermediate carriers are liable for any injuries not caused by its own negligent or wrongful act. Hudson v. Chicago, St. Paul, M. & O. Ry. Co. (D. C.) 226 Fed. 38. There is, however, nothing in the Carmack Amendment which prevents liability from attaching to the intermediate or final carrier against whom negligent default of the contract of carriage, or injury to the property could be established by proper evidence. T. W. Newborn & Co. v. Louisville & N. Ry. Co., 170 N. C. 205, 87 S. E. 37; Tradewell v. Chicago Ry. Co., 150 Wis. 259, 136 N. W. 794; Atlantic Coast Ry. Co. v. Thomasville, 13 Ga. App. 102, 78 S. E. 1019.

By the second, third, and fourth assignments appellant, in varying forms, insists that the court erred in sustaining the general demurrer to his petition, because it was substantially alleged in said petition that the defendant Gulf, Colorado & Santa Fé Railway Company, as a party to the contract of carriage, had obligated itself to safely carry and deliver plaintiff's wife to the Galveston, Harrisburg & San Antonio Railway Company at its depot in Bay City, Tex., and in undertaking to carry out its contract it had employed the bus of the defendant V. Schill as one of its facilities to complete its contract; that it had made a private contract and arrangement with the defendant Schill to transfer its through passengers from its depot to the depot of its connecting carrier at Bay City; and that in performance of this contract said Schill was the agent and employé of said defendant Gulf, Colorado & Santa Fé Railway Company, who was at such time in charge of plaintiff's wife as its passenger under her said contract, and was performing its duty undertaken by it under said contract, and that said bus so employed by said railway company to transfer plaintiff's wife from its depot to that of its connecting carrier was defectively constructed, was unsafe for the transportation of passengers, and was carelessly and negligently driven by the driver thereof in such manner as to throw plaintiff's wife from same to the ground, and thereby causing the injuries complained of.

[2] These assignments must be sustained. We think the petition alleges a cause of action. If it be true, as is alleged by plaintiff, that V. Schill, in his undertaking to transport appellant's wife from depot to depot, was the employé and servant of the Gulf, Colorado & Santa Fé Railway Company, and that said bus line was one of the instrumentalities used by said railway company in carrying out its contract, and that while being so transported plaintiff's wife was injured through the negligence of said railway company or its servants, said railway company would be liable for such damages as were caused to appellant's wife by its said negligence.

For the reasons pointed out the judgment of the trial court is reversed and the cause is remanded for trial on its merits.

Reversed and remanded.